IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

**GUM SPRINGS CORPORATION,**

      **Plaintiff,**

v.                                         **Civil Action No. 1:23-cv-104 (Kleeh)**

**MASTER DRILLING USA LLC, and**
**CHUBB INSURANCE COMPANY OF CANADA,**

      **Defendants.**

## ANSWER AND CROSSCLAIM OF MASTER DRILLING USA LLC

COMES NOW Defendant Master Drilling USA LLC ("Master Drilling"), by counsel, Jeffrey S. Zurbuch, Robert C. Chenoweth, and the law firm of Busch, Zurbuch & Thompson, PLLC, and for its Answer and Crossclaim states as follows.

## ANSWER

Without assuming the burden of proof as to any matter which Plaintiff bears the burden of proof, Master Drilling asserts the following defenses:

### First Affirmative Defense

This Defendant asserts the following defenses, which may now be applicable or which may become applicable, so as to preserve and not waive them: statute of limitations, estoppel, waiver, payment, relief, failure of consideration, laches, unclean hands, unjust enrichment, failure to mitigate damages, and such other and further defenses as may be available under Rules 8, 9, and 12 of the Federal Rules of Civil Procedure or as may be developed in discovery.

### Second Affirmative Defense

This Defendant asserts the defenses of statute of frauds, parole evidence, and oral modification of contract, to assert so as to not waive the same, as discovery into the facts and circumstances of this case may prove applicable to the allegations contained in Plaintiff's Complaint.

### Third Affirmative Defense

This Defendant asserts herein a Crossclaim against its co-defendant, which would have the effect of reducing, limiting, or avoiding liability for this Defendant for Plaintiff's alleged claims.

### Fourth Affirmative Defense

Master Drilling reserves the right to assert any affirmative defenses that discovery or investigation hereafter may disclose, including, without limitation, any of the affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure.

### Fifth Affirmative Defense

Without waiving the aforementioned defenses, or any other defenses, Master Drilling states as follows in response to the correspondingly numbered paragraphs of Plaintiff's Complaint:

1. Admitted.

2. Admitted.

3. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and demands strict proof thereof.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. In response to Paragraph 8 of Plaintiff's Complaint, this Defendant admits that the quoted language is contained in Section 2(D) of the Purchase and Sale Agreement ("PSA"); however, this Defendant denies that the quoted language includes the entirety of Section 2(D) and asserts that the PSA speaks for itself.

9. Admitted.

10. In response to Paragraph 10 of Plaintiff's Complaint, this Defendant admits that the quoted language is contained in Section 7(A) of the PSA; however, this Defendant denies that the quoted language includes the entirety of Section 7(A) and asserts that the PSA speaks for itself.

11. Admitted.

12. Admitted.

13. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. This Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint insofar as acknowledging the existence of a financing statement; however, this Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 15 and demands strict proof thereof.

16. Admitted.

17. Admitted.

18. Admitted.

19. In response to Paragraph 19 of Plaintiff's Complaint, this Defendant admits that the Drilling Rig was not in "like condition" and admits there was damage to the Drilling Rig; however, this Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 19 and demand strict proof thereof.

20. Admitted.

21. Admitted.

22. In response to Paragraph 22 of Plaintiff's Complaint, this Defendant admits only the existence of Mr. Holbert's estimate of $4,164,633.00. This Defendant lacks knowledge or information

sufficient to form a belief about the truth of the accuracy of the estimate or of any other damage, including transportation costs, labor costs, and/or lost revenue and demands strict proof thereof. Further, this Defendant denies the allegations that Mr. Holbert opined that the original rig will lose 10-15% of its original strength, as Mr. Holbert opined that the rig "may" lose 10-15% after internal inspection. Finally, this Defendant admits that Mr. Holbert opined that the quote was only good for 15 days.

23. Admitted.

24. Admitted.

25. It is admitted that the Drilling Rig sustained damage. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 25 of the Complaint and demands strict proof thereof.

26. In response to Paragraph 26 of Plaintiff's Complaint, this Defendant incorporates by reference its responses in paragraphs 1 through 25 of this Answer as if fully set forth herein.

27. Paragraph 27 of Plaintiff's Complaint includes allegations against a party other than this Defendant. As such, no response to Paragraph 27 is required from Master Drilling. To the extent a response is deemed necessary, this Defendant admits that Defendant Chubb has refused to offer and pay up to the policy limits under the coverage protection for the Drilling Rig.

28. Paragraph 28 of Plaintiff's Complaint includes allegations against a party other than this Defendant. As such, no response to Paragraph 28 is required from Master Drilling. To the extent a response is deemed necessary, this Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28 and demands strict proof thereof.

29. Paragraph 29 of Plaintiff's Complaint includes allegations against a party other than this Defendant. As such, no response to Paragraph 29 is required from Master Drilling. To the extent a response is deemed necessary, this Defendant admits that Chubb is the insurer of the Drilling Rig.

30. Paragraph 30 of Plaintiff's Complaint includes allegations against a party other than this Defendant. As such, no response to Paragraph 30 is required from Master Drilling. To the extent a response to Paragraph 30 is deemed required, this Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 30 and demands strict proof thereof.

WHEREFORE, Defendant Master Drilling USA LLC requests that this Court protect its interests herein and deny Plaintiff's requested relief against it to the extent that it is not supported by the facts and applicable law.

A TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE.

## **CROSSCLAIM**

Master Drilling asserts a Crossclaim pursuant to Rule 13(g) of the Federal Rules of Civil Procedure against Defendant Chubb Insurance Company of Canada ("Chubb"), as follows:

1. Master Drilling incorporates herein the allegations contained in Plaintiff's Complaint for reference purposes only and restates and realleges all affirmative defenses, responses, and allegations set forth in its foregoing Answer.

2. Chubb is the insurer of the subject Drilling Rig under the insurance policy with Master Drilling as insured and, upon information and belief, Plaintiff as an additional insured.

3. Chubb provided property damage coverage for the Drilling Rig with policy limits of $3,335,000.

4. Despite the Drilling Rig having sustained covered damage, to date Chubb has not paid its coverage to Master Drilling or Plaintiff for any amount up to the policy limit of $3,335,000 for damage sustained to the Drilling Rig.

5. Master Drilling asserts that Chubb has breached its insurance contract and, as such, is or may be liable to Master Dilling for all or part of the claims asserted against Master Drilling by Plaintiff including, without limitation, recovery for damage to the Drilling Rig and cost of repair.

6. Chubb has acted in bad faith towards Master Drilling in failing to pay for property damage to the Drilling Rigg under its policy of insurance.

7. Master Drilling is entitled to recover its costs and attorney fees incurred in this action from Chubb.

8. Master Drilling also is entitled to indemnification and/or contribution from Chubb for any claims asserted by Plaintiff in an amount up to the policy limits for coverage of damage to the Drilling Rig.

WHEREFORE, Master Drilling requests judgment on this Crossclaim against Chubb with respect to all or part of any sums which may be adjudged against it in favor of Plaintiff and for recovery of its costs and attorney fees incurred herein.

A TRIAL BY JURY IS DEMANDED ON ALL ISSUES TO SO TRIABLE.

MASTER DRILLING USA LLC,

By Counsel,

*/s/ Jeffrey S. Zurbuch*
Jeffrey S. Zurbuch, Esq.
WV State Bar No. 7384
Robert C. Chenoweth, Esq.
WV State Bar No. 10498
BUSCH, ZURBUCH & THOMPSON, PLLC
P.O. Box 1819
Elkins, WV  26241
(304) 636-3560
jzurbuch@bztlaw.com
rchenoweth@bztlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

**GUM SPRINGS CORPORATION,**

       **Plaintiff,**

v.                                               **Civil Action No. 1:23-cv-104 (Kleeh)**

**MASTER DRILLING USA LLC, and
CHUBB INSURANCE COMPANY OF CANADA,**

       **Defendants.**

## CERTIFICATE OF SERVICE

I, Jeffrey S. Zurbuch, one of counsel for Master Drilling USA LLC., do hereby certify that on March 4, 2024, I electronically filed an ***ANSWER AND CROSSCLAIM OF MASTER DRILLING USA LLC*** with the Clerk of the Court using the CM/ECF system, which will send notification to the following counsel as CM/ECF participants: Kenneth Alex Miller, II, Esq. and Kenneth R. Miller, Esq., millerlawofficeswv@gmail.com, and Matthew A. Nelson, Esq., Matt.Nelson@lewisbrisbois.com.

                                    ***/s/ Jeffrey S. Zurbuch***
                                    Jeffrey S. Zurbuch, Esq.
                                    WV State Bar No. 7384
                                    BUSCH, ZURBUCH & THOMPSON, PLLC
                                    P.O. Box 1819
                                    Elkins, WV 26241
                                    (304) 636-3560
                                    (304) 636-2290
                                    jzurbuch@bztlaw.com