IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

GUM SPRINGS CORPORATION,

      Plaintiff,

v.                                        CIVIL ACTION NO. 1:23-CV-104
                                     (KLEEH)

MASTER DRILLING USA, LLC and
CHUBB INSURANCE COMPANY OF CANADA,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS [ECF NOS. 4, 20, 46]

Pending before the Court are Defendant Chubb Insurance Company of Canada's Motion to Dismiss [ECF No. 4] and Motion to Dismiss Cross-Claim [ECF No. 20] pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and the Doctrine of *Forum Non Conveniens*, as well as Defendant's Renewed Motion to Dismiss [ECF No. 46]. For the reasons that follow, Defendant Chubb Insurance Company of Canada's Motions are **GRANTED**.

## I.  PROCEDURAL HISTORY

On November 17, 2023, Plaintiff Gum Springs Corporation ("Plaintiff" or "Gum Springs") filed a Complaint against Defendants Master Drilling USA, LLC ("Master Drilling USA") and Chubb Insurance Company of Canada ("Chubb Canada") (collectively "Defendants"). Compl., ECF No. 1-1. On December 19, 2023, Chubb Canada removed the action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the

Northern District of West Virginia. Id. On December 29, 2023, Chubb Canada filed *Chubb Insurance Company of Canada's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and Under the Doctrine of Forum Non Conveniens* [ECF No. 4] Plaintiff responded in opposition to the Motion on January 12, 2024 [ECF No. 7], and Chubb Canada filed a reply in support on January 19, 2024. ECF No. 8.

Thereafter, Master Drilling USA filed its answer and asserted a crossclaim, pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, against Chubb Canada. ECF No. 15. On March 25, 2024, Chubb Canada filed *Defendant Chubb Insurance Company of Canada's Motion to Dismiss Master Drilling USA, LLC's Cross Claim Pursuant to Fed. R. Civ. P. 12(b)(2) and Under the Doctrine of Forum Non Conveniens* [ECF No. 20]. Master Drilling USA responded in opposition to the Motion on April 8, 2024 [ECF No. 22], and Chubb Canada filed a reply in support on April 15, 2024 [ECF No. 24].

On June 20, 2024, the Court convened for a hearing on Chubb Canada's Motions. Following the hearing, the Court ordered the parties to engage in limited jurisdictional discovery because the parties were unable to answer foundational questions with confidence regarding the alleged governing contract and this district's relevance to the contractual relationship and the events underlying the dispute. ECF No. 38.

Following the 90-day limited discovery period, Chubb Canada filed *Defendant Chubb Insurance Company of Canada's Renewed Motion*

*to Dismiss Plaintiff's Complaint and Master Drilling USA, LLC's Cross Claim Pursuant to Fed. R. Civ. P. 12(b)(2) and Under the Doctrine of Forum Non Conveniens* [ECF No. 46] on October 7, 2024. Thereafter on October 21, 2024, Plaintiff filed its renewed response in opposition to dismissal [ECF No. 48] and Master Drilling USA filed its renewed response in opposition to dismissal of its cross-claim [ECF No. 49]. Chubb Canada then filed its reply in support of its motions to dismiss on October 28, 2024. ECF No. 50. The pending motions are thus fully briefed and ripe for review.

## II.   RELEVANT FACTUAL ALLEGATIONS[1]

Plaintiff Gum Springs owns a Drilling Rig, identified as Global Shaft SD750-2 2019 ("Drilling Rig"). ECF No. 1-1, Compl. at ¶ 4. On July 18, 2019, Plaintiff and Defendant Master Drilling entered into an Equipment Purchase and Sale Agreement ("PSA") in which Gum Springs agreed to sell the Drilling Rig to Master Drilling. Id. at ¶ 5. The Drilling Rig was located in Monongalia County, West Virginia, and the PSA was negotiated and executed in Monongalia County, West Virginia. Id. at ¶ 6. The PSA required that Master Drilling maintain insurance on the Drilling Rig and name Gum Springs as an additional insured. Id. at ¶ 10. The PSA further

---

[1] At the Motion to Dismiss phase, the Court assumes all well pled facts are true. However, the Court makes factual findings, based upon the preponderance of evidence, regarding this Court's personal jurisdiction over Chubb Canada because the parties completed jurisdictional discovery.

provided that the agreement would terminate if any payment was more than sixty days late and Master Drilling would then be required to return the Drilling Rig to Gum Springs "in like condition." Id. at ¶ 16. Master Drilling ultimately defaulted on the payments owed and returned the Drilling Rig to Gum Springs, in Morgantown, West Virginia. Id. at ¶¶ 17-18. Plaintiff alleges that Master Drilling did not return the Drilling Rig in "like condition"; rather, the Drilling Rig was extremely damaged and in deplorable condition upon its return. Id. at ¶ 19.

Plaintiff alleges that it was named as an additional insured on an insurance policy Chubb Canada issued to Master Drilling, covering the Drilling Rig. See generally ECF No. 1-1; ECF No. 47 at p. 3. Plaintiff further asserts Chubb Canda acted in bad faith by failing to pay it insurance proceeds through the alleged insurance policy. Id. Master Drilling similarly filed a cross-claim against Chubb Canada asserting it acted in bad faith and breached the insurance contract by not paying coverage to Master Drilling or Gum Springs. ECF No. 15.

## A. FACTS REGARDING JURISDICTION OVER CHUBB CANADA

Chubb Canada is a Canadian insurance company located in Toronto, Ontario, and owned by Chubb Limited, a publicly listed company headquartered in Switzerland. ECF No. 1 at ¶ 8; ECF No. 1-1 at ¶ 3. Chubb Canada is not a party to the PSA between Gum Springs and Master Drilling for the Drilling Rig. PSA, ECF No. 1-

4

1, Ex. A; ECF No. 46-2. Master Drilling first attempted to procure insurance for the Drilling Rig on November 12, 2019. ECF No. 46-3. Robert Schumm, on behalf of Master Drilling, contacted Mark Baines from Marsh Canada Limited ("Marsh Canada"), seeking $3,335,000.00 in coverage for the Drilling Rig. Id. Communications with Chubb Canada were handled by Marsh Canada on behalf of Master Drilling and Master Drilling relied on Marsh Canada to procure the subject Drilling Rig as an insured piece of equipment through Chubb Canada. ECF No. 46-6 at pp. 3, 11. The next day on November 13, 2019, Marsh Canada provided Master Drilling with the "Acord Property certificate evidencing the coverage." ECF No. 46-3.

On November 12, 2019, Baines contacted Jamie Park of Chubb Canada to secure insurance for the Drilling Rig, on behalf of Master Drilling, effective immediately. ECF No. 46-4. Alan Lee of Chubb Canada replied to Baines's email and requested more information about the equipment including pictures, invoices, a purchase order, and a description of its use, so Chubb Canada could proceed with the underwriting process. Id. After speaking with his "client," Baines informed Chubb Canada on November 18, 2019, that Master Drilling would be using the Drilling Rig "to drill a water shaft at 13415 Fm Rd 449, Hallsville, Texas." Id. Baines further provided that the Hallsville site was owned by Gum Springs Corporation and was manufactured by Global Shaft Drilling in Morgantown, West Virginia. Id. On November 25, 2019, Baines updated

Chubb Canada that the Drilling Rig was heading to Avery Island, Louisiana. Id. On December 17, 2019, Baines provided Chubb Canada with the cover page of the PSA. Id. Throughout their communications, Baines reiterated the need for coverage on the Drilling Rig as soon as possible. Id. Ultimately, on January 2, 2020, Chubb Canada informed Marsh Canada (via Baines) that it could add the Drilling Rig to Master Drilling's pre-existing policy. Id. Chubb Canada informed Marsh Canada that the coverage would be effective November 12, 2019 – when Baines first contacted Chubb Canada seeking coverage for the Drilling Rig. Id.

Neither the emails between Master Drilling and Marsh Canada, nor between Marsh Canada and Chubb Canada include information about adding Gum Springs as an additional insured on the pre-existing Master Drilling insurance policy. Although Chubb Canada did not agree to cover the Drilling Rig until January 2, 2020, Marsh Canada prepared and provided Master Drilling with an "Evidence of Property Insurance" on November 12, 2019, with an effective date of April 5, 2019, and with Gum Springs listed as an additional insured. ECF No. 46-5. Chubb Canada did not generate or assist in creating the "Evidence of Property Insurance." ECF No. 46-2.

The evidence reflects that the Drilling Rig was in Morgantown, West Virginia until November 19, 2019. *Schumm Aff.*, ECF No. 46-9; ECF No. 29 at p. 20. Master Drilling did not advise Chubb Canada that, prior to January 2, 2020, the Drilling Rig was located in

West Virginia. ECF No. 46-6 at p. 10. On January 2, 2020, the
Drilling Rig was located in Avery Island, New Iberia Parish,
Louisiana. ECF No. 46-10. The Drilling Rig sustained damage between
late December 2019 and early December 2020, while located at the
Cargil Mine in Avery Island, New Iberia Parish, Louisiana. ECF No.
46-6 at p. 3.

### III. LEGAL STANDARD

When a defendant files a Federal Rule of Civil Procedure
12(b)(2) motion to dismiss for lack of personal jurisdiction, the
plaintiff bears the ultimate burden of showing that jurisdiction
exists by a preponderance of the evidence. New Wellington Fin.
Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir.
2005). Where a court makes a Rule 12(b)(2) determination without
a hearing and based only on the written record, the plaintiff need
only put forth a prima facie showing of jurisdiction "by pointing
to affidavits or other relevant evidence." Henderson v. Metlife
Bank, N.A., No. 3:11-cv-20, 2011 WL 1897427, at *6 (N.D. W. Va.
May 18, 2011); see also New Wellington Fin. Corp., 416 F.3d at
294. "However, when the Court provides the parties a 'fair
opportunity' to present 'both the relevant jurisdictional evidence
and their legal arguments,' the plaintiff must prove personal
jurisdiction by a preponderance of the evidence." Dangerfield v.
Mita Invs., Inc., No. CV 3:22-0088, 2024 WL 869473, at *2 (S.D.W.
Va. Feb. 29, 2024) (quoting Grayson v. Anderson, 816 F.3d 262, 268

(4th Cir. 2016). <u>See also</u> <u>Mar.-Westin Co., Inc. v. Swinerton Builders, Inc.</u>, No. 1:17CV199, 2018 WL 2471451, at *2 (N.D.W. Va. June 1, 2018); <u>Miller v. Bearman Indus., LLC</u>, No. 2:18-CV-00269, 2023 WL 2603383, at *2 (S.D.W. Va. Mar. 22, 2023)("Where, as here, the court has conducted an evidentiary hearing on the jurisdictional issue, the plaintiff must prove jurisdiction by a preponderance of the evidence.").

Importantly, an "evidentiary hearing" does not require taking oral evidence in open court. <u>Grayson</u>, 816 F.3d at 268.

> Rather, an "evidentiary hearing" requires only that the district court afford the parties a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments. Once the court has provided that opportunity, it must hold the plaintiff to its burden of proving facts, by a preponderance of the evidence, that demonstrate the court's personal jurisdiction over the defendant.

<u>Id.</u> The Court may consider jurisdictional evidence in the form of affidavits, authenticated documents, answers to interrogatories or requests for admissions, and depositions. <u>Id.</u>

Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, a federal district court may exercise personal jurisdiction over a defendant to the same degree that a counterpart state court could do so. <u>See</u> <u>Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners</u>, 229 F.3d 448, 450 (4th Cir. 2000). Importantly as a result, for a district court to have jurisdiction over a nonresident defendant, the exercise of jurisdiction (1) must be

authorized under the state's long-arm statute, and (2) must comport with the due process requirements of the Fourteenth Amendment. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001)). As West Virginia's long-arm statute provides jurisdiction to the full extent allowable under the United States Constitution, see W. Va. Code § 56-3-33, the Court need only consider whether the exercise of personal jurisdiction would comport with the Due Process Clause.

For a district court to assert jurisdiction over a nonresident defendant within the confines of due process, the defendant must have "minimum contacts" with the forum state such that it is consistent with "fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The Fourth Circuit, following the United States Supreme Court, states that an out-of-state defendant must have minimum contacts that are purposeful to help "ensure that non-residents have fair warning that a particular activity may subject them to litigation within the forum." In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997).

Whether a defendant possesses such minimum contacts is analyzed by looking to whether the plaintiff seeks to establish "specific" or "general" jurisdiction. Specific jurisdiction occurs when the defendant's contacts with the forum state form the basis

9

of the suit. Carefirst, 334 F.3d at 397. In determining whether a defendant's contacts support the exercise of specific jurisdiction, a district court considers the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. at 396; Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009).

## IV.   DISCUSSION

For the reasons that follow, the Court finds by a preponderance of the evidence that it has neither general nor specific personal jurisdiction over Chubb Canada. Because the Court does not have personal jurisdiction over the Defendant, the Court need not reach the question of *forum non conveniens*.

### A. The West Virginia Long-Arm Statute Does Not Authorize Jurisdiction Over Chubb Canada.

Master Drilling and Gum Springs argue that multiple provisions of West Virginia's long-arm statute confer jurisdiction to this Court, including W. Va. Code §56-3-33(a)(1), W. Va. Code §56-3-33(a)(2), W. Va. Code §56-3-33(a)(7), and W. Va. Code §31D-15-1501(d). ECF No. 48 at pp. 4-5, ECF No. 49 at p. 7. Gum Springs further contends that W.Va. Code §33-12-22 is relevant to the Court's analysis. ECF No. 48 at p. 5. In contrast, Defendant

asserts that no provision authorizes jurisdiction. ECF No. 47 at p. 12.

West Virginia Code §56-3-33(a)(1) confers jurisdiction over a nonresident who transacts "any business in this state." W. Va. Code § 56-3-33(a)(1). West Virginia Code §56-3-33(a)(2) confers jurisdiction over a nonresident who contracts "to supply services or things in this state." W. Va. Code § 56-3-33(a)(2). West Virginia Code §56-3-33(a)(7) confers jurisdiction over a nonresident who contracts "to insure any person, property, or risk located within this state at the time of contracting." W. Va. Code § 56-3-33(a)(7). West Virginia Code §31D-15-1501(d) confers jurisdiction over a foreign corporation which "makes a contract to be performed, in whole or in part, by any party thereto in this state." W. Va. Code § 31D-15-1501(d). Finally, West Virginia Code §33-12-22 provides that "[a]ny person who shall solicit within this state an application for insurance shall, in any controversy between the insured or his or her beneficiary and the insurer issuing any policy upon such application, be regarded as the agent of the insurer and not the agent of the insured." W. Va. Code § 33-12-22.

Gum Springs and Master Drilling argue that these provisions are satisfied because the Drilling Rig was located in West Virginia on relevant dates. ECF Nos. 48, 49. Specifically, the Drilling Rig was located in West Virginia on November 22, 2019 – after the

effective date of the insurance policy. Additionally, Chubb Canada was informed on November 18, 2019, that the Drilling Rig was manufactured in Morgantown, West Virginia. ECF No. 49. Further, the cover page of the PSA informed Chubb Canada that Gum Springs, as the seller, was a West Virginia corporation. Id. Thus, Gum Springs and Master Drilling contend the Long-Arm Statue is satisfied because Chubb Canada transacted business in West Virginia by insuring a Drilling Rig located in West Virginia at the time of contracting and on the effective date of coverage; that Chubb Canada contracted to supply insurance services in West Virginia; and Chubb Canada made a contract to be performed in whole or in part in West Virginia. ECF No. 48.

Furthermore, Gum Springs relies upon the "Evidence of Property Insurance" which Master Drilling received from Marsh Canada on November 13, 2019, which stated the insurance policy was effective April 5, 2019, and listed Gum Springs as an additional insured. Id. Gum Springs argues that under West Virginia Code §33-12-22, Marsh Canada was an agent of Chubb Canada and thus Chubb Canada is legally bound by the document Marsh Canada sent to Master Drilling on November 13, 2019, evidencing insurance. Id.

Chubb Canada disagrees that any provision confers jurisdiction, and that the evidence does not support that Chubb Canada transacted business in West Virginia, contracted to supply services in West Virginia, or made a contract to be performed in

12

West Virginia. ECF No. 47. Defendant asserts that the Drilling Rig was not in West Virginia *at the time of contracting* for the insurance. Id.; ECF No. 50. While Marsh Canada first reached out regarding insurance coverage on November 12, 2019, the contract for insurance was not established until January 2, 2020. Id. At such time, the Drilling Rig was in Louisiana. Id. Further, Chubb Canada asserts that it could not have contracted to supply services in West Virginia when it was never informed that the Drilling Rig was in West Virginia or that Gum Springs was to be added as an additional insured. Id. Further, Chubb Canada disputes that Marsh Canada was its agent because (1) Marsh Canada was acting on behalf of Master Drilling and (2) Marsh Canada did not "solicit" insurance within West Virginia. ECF No. 50.

Here, the Court agrees with Chubb Canada that the Long-Arm Statute does not confer jurisdiction. The evidence shows that Marsh Canada, Master Drilling, nor Gum Springs ever told Chubb Canada that the Drilling Rig was in West Virginia. Marsh Canada's communications provided that the Drilling Rig was manufactured in West Virginia – but stated the Drilling Rig was to be used in Hallsville, Texas and then Avery Island, Louisiana. Further, the Court agrees that *at the time of contracting*, the Drilling Rig was not in West Virginia. Chubb Canada consented to providing insurance coverage on January 2, 2020, when the Drilling Rig was in Louisiana. Thus, at the time of contracting, the Drilling Rig was

not in West Virginia. Chubb Canada's willingness to backdate the policy's effective date does not change this fact. Thus, the record is clear that Chubb Canada did not make a contract to be performed wholly or in part within West Virginia. The fact that the PSA was bargained for or executed in West Virginia is irrelevant to the Court's ability exercise jurisdiction over Chubb Canada because it is not a party to that contract. Rather, it appears Chubb Canada did not even receive a copy of the complete and executed PSA until September 15, 2021. See ECF No. 46-2 at p. 7.

Furthermore, Gum Springs' reliance on West Virginia Code § 33-12-22 is misplaced because neither the statute nor the facts support that Marsh Canada was Chubb Canada's agent. Within West Virginia Code § 33-12-22, "solicit" "means attempting to sell insurance or asking or urging a person to apply for a particular kind of insurance from a particular company." W. Va. Code § 33-12-2. Here, Marsh Canada, through Baines, was not attempting to sell Master Drilling insurance from Chubb Canada. Rather, Marsh Canada was acting on behalf of Master Drilling to secure coverage for the Drilling Rig. The record makes clear that Master Drilling relied upon Marsh Canada to act on its behalf, as its agent. ECF No. 46-6 at p. 3 ("Communications with Chubb Canada were handled by Marsh Canada on behalf of Master Drilling."); ECF No. 46-6 at p. 11 (Master Drilling admits it "relied on Marsh Canada to procure the subject Drilling Rig as an insured piece of equipment through

14

Chubb Canada."). Further, Marsh Canada's communications with Chubb Canada support it was acting as Master Drilling's agent because Baines referred to Master Drilling as Marsh Canada's "client" and repeatedly mentioned the importance of getting coverage immediately for Master Drilling See ECF No. 46-4. Thus, Marsh Canada is not Chubb Canada's agent under West Virginia Code § 33-12-22, and Chubb Canada is not bound by Marsh Canada's "Evidence of Property Insurance" document.

West Virginia Code § 33-12-22 is also not applicable because insurance was not being sought in West Virginia and it only applies to those who "solicit within this state an application for insurance." W. Va. Code. § 33-12-22 (emphasis added). Marsh Canada was not soliciting for insurance in West Virginia. Rather, Marsh Canada was brokering insurance in Canada from Chubb Canada. Thus, West Virginia Code. § 33-12-22 is inapplicable on this additional ground.

Accordingly, West Virginia's Long-Arm Statute does not confer this Court jurisdiction over Chubb Canada.

   **B. Chubb Canada Does Not Have Necessary Minimum Contacts with West Virginia to Satisfy the Due Process Clause of the Fourteenth Amendment.**

This Court further lacks personal jurisdiction over Chubb Canada because the Defendant does not have sufficient "minimum contacts" with West Virginia.

Here, Master Drilling and Gum Springs assert that specific personal jurisdiction exists. ECF Nos. 48, 49. They contend sufficient contacts with West Virginia exist because Chubb Canada insured a Drilling Rig that was located in West Virginia. ECF Nos. 48, 49. Additionally, the Drilling Rig is a mobile piece of equipment and Chubb Canada provides insurance coverage throughout the United States. Id. The parties also rely upon the same facts which they contend supported application of the West Virginia Long-Arm Statute, including that the Drilling Rig was manufactured in West Virginia, that the PSA was executed in West Virginia, and that the Drilling Rig is presently in West Virginia. Id.

In contrast, Chubb Canada asserts that it did not make any purposeful contacts with West Virginia, before, during, or after the formation of the insurance contract. ECF No. 47. Chubb Canada never corresponded with Gum Springs or Master Drilling during the formation of the contract. Id. Additionally, the named insureds on the subject insurance policy are not West Virginia corporations or based in West Virginia. Id. Thus, Chubb Canada argues it did not "purposely avail" itself to the privilege of conducting activities in West Virginia. Id.

Additionally, Chubb Canada contends that neither Gum Springs' nor Master Drilling's claims arise out of activities directed at West Virginia. Id. The damages for which the parties are seeking insurance proceeds occurred in Louisiana. Id. The Drilling Rig is

16

now in West Virginia because Master Drilling defaulted on its payments to Gum Springs and permitted the Drilling Rig to be damaged during its use at a salt mine. Id.

Further, Chubb Canada argues the exercise of personal jurisdiction is not constitutionally reasonable because it expressed its unwillingness to be hailed into foreign courts by including a forum selection and choice of law clause in the insurance contract.[2] Chubb Canada argues that Canadian courts have a manifest interest in adjudicating this case because multiple interested parties in this matter are entities in Canada, the governing law is Canadian law, and the insureds under the subject insurance contract agreed to submit to the jurisdiction of the Canadian Courts. Id.

Considering the test for specific personal jurisdiction, the Court finds that the preponderance of the evidence does not support hailing Chubb Canada into the Northern District of West Virginia. First, Chubb Canada has not purposefully availed itself of the privilege of conducting activities in West Virginia. Chubb Canada did not solicit business from Gum Springs or target West Virginia for insurance clients. Rather, Marsh Canada sought coverage for the Drilling Rig on behalf of Master Drilling USA, based upon an existing insurance relationship with Master Drilling Canada Ltd.

---

[2] The validity or applicability of the insurance contract's forum selection clause is not before the Court.

17

Chubb Canada cannot be said to have purposefully targeted West
Virginia work when the only entity related to West Virginia is Gum
Springs – an entity in which Chubb Canada never communicated and
was not a party to the insurance contract. Furthermore, the fact
that the policy territory for the underlying policy encompassed
the United States is insufficient to find purposeful availment –
especially when considering Chubb Canada's use of forum selection
in its contracts and that Chubb Canada did not know the Drilling
Rig was in West Virginia.

Second, the underlying claims against Chubb Canada did not
arise in West Virginia. The drilling rig, for which the parties
seek insurance proceeds, was damaged in Louisiana – not West
Virginia. The subject insurance contract was negotiated between
two Canadian companies, with no reference to West Virginia. The
alleged breach of the PSA by Master Drilling may arise in West
Virginia, but Chubb Canada is not a party to that agreement. Thus,
Master Drilling's and Gum Spring's contacts with this forum cannot
be imputed on Chubb Canada.

Third, exercising jurisdiction over the Defendant in West
Virginia is not constitutionally reasonable because Chubb Canada's
involvement in this case does not relate to West Virginia, Canadian
law may be applicable, there is a possibly valid forum selection
clause, and potential witnesses are located in Canada and elsewhere
in the United States. The Court is not persuaded by parties'

arguments that exercising jurisdiction is reasonable because the Drilling Rig is presently in West Virginia. The Drilling Rig could be transported, if necessary, to a jurisdiction where each party is subject to personal jurisdiction.

Accordingly, the Court **FINDS** it lacks personal jurisdiction over Defendant Chubb Canada.

## V.    <u>CONCLUSION</u>

For the reasons stated herein, Defendant Chubb Insurance Company of Canada's Motion to Dismiss [ECF No. 4] and Motion to Dismiss Cross-Claim [ECF No. 20] pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and the Doctrine of *Forum Non Conveniens*, as well as Defendant's Renewed Motion to Dismiss [ECF No. 46] are **GRANTED**. Accordingly, Plaintiff Gum Springs Corporation's Complaint [ECF No. 1-1] and Master Drilling USA, LLC's Cross-Claim [ECF No. 15] are **DISMISSED**, as they pertain to Chubb Canada. Chubb Insurance Company of Canada is hereby **DISMISSED** from this action.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record by the CM/ECF system.

**DATED:**  March 26, 2025

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA